UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Down,

        Petitioner,

v.

Wendy Roal,

        Respondent.

Civil No. 10-3316 (RHK/JJK)

**MEMORANDUM AND ORDER**

      Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2241. Magistrate Judge Jeffrey J. Keyes reviewed the petition, and concluded that Petitioner's claims could not be entertained in a habeas corpus proceeding. Petitioner was granted leave to restate his claims in a non-habeas civil complaint, and he was informed that this action would be subject to summary dismissal if he did not file such a complaint by September 10, 2010. (Order dated August 10, 2010; [Docket No. 4].) Petitioner did not file a complaint, but instead filed objections to the Magistrate Judge's order. (Docket No. 5.)

      In an order dated October 22, 2010, (Docket No. 8), this Court overruled Petitioner's objections to the Magistrate Judge's order, and gave him one final opportunity to file a civil complaint. Petitioner was advised that if he did not file a new pleading by November 30, 2010, he would be deemed to have abandoned this action, and the action would be summarily dismissed without prejudice.[1]

---

[1] The memorandum that accompanied the Court's prior order erroneously indicated that Petitioner would have to file his new pleading by November 19, 2010. However, the order itself clearly indicates that the new pleading would have to be filed by November 30, 2010. In any event, Petitioner has received the benefit of any doubt about the deadline date, as no further action was taken in this matter before November 30, 2010.

The new deadline by which Petitioner was required to file a civil complaint has now passed. However, Petitioner still has not filed any new pleading, nor has he offered any excuse for his failure to do so. Indeed, Petitioner has not communicated with the Court at all since the last order was entered in this case. Therefore, in accordance with that last order, the Court now finds that Petitioner has abandoned this action, and the case will be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY ORDERED** that:

This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 3, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge